# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

IRENE WRIGHT,                                )
                                             )
                    Plaintiff,               )
                                             )
vs.                                          )        NO. CIV-09-1192-D
                                             )
MICHAEL J. ASTRUE, Commissioner,             )
  Social Security Administration,            )
                                             )
                    Defendant.               )

## <u>ORDER</u>

Pursuant to 42 U. S. C. §405(g), plaintiff brought this action for judicial review of the final

decision of Defendant Commissioner of the Social Security Administration ("Commissioner")

denying Plaintiff's application for disability insurance benefits and supplemental security income

benefits under the Social Security Act. The matter was referred to United States Magistrate Judge

Doyle W. Argo for initial proceedings in accordance with 28 U. S. C. §636(b)(1)(B).

Following the submission of the administrative record and the filing of the parties' briefs,

the Magistrate Judge filed a September 29, 2010 Report and Recommendation [Doc. No. 22] in

which he recommended the Commissioner's decision be affirmed. Because Plaintiff timely

objected to the Report and Recommendation, the matter is reviewed *de novo*.

Plaintiff claims she is unable to work because of a 2006 ankle fracture and subsequent

surgeries. After her claim was administratively denied, a hearing was held before an Administrative

Law Judge; Plaintiff appeared with her counsel and presented evidence in support of her claim. In

his subsequent decision, the Administrative Law Judge determined that Plaintiff was not disabled

and was thus not entitled to benefits. Plaintiff pursued an administrative appeal, and the decision

was affirmed; this action followed.

This Court's review of the Commissioner's decision is limited, as the Court may not reweigh the evidence or substitute its judgment for that of the Commissioner; instead, it must determine only if the correct legal standards were applied and if the decision is supported by substantial evidence in the record. *Wall v. Astrue,* 561 F. 3d 1048, 1052 (10th Cir. 2009); *Washington v. Shalala,* 37 F. 3d 1437, 1439-40 (10th Cir. 1994). Substantial evidence is that which a reasonable person might deem adequate to support the ultimate conclusion; it requires "more than a scintilla, but less than a preponderance." *Wall*, 561 F. 3d at 1052. Evidence is not substantial for this purpose if it is "overwhelmed by other evidence in the record or constitutes mere conclusion." *Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992). The decision of the Administrative Law Judge in a Social Security disability hearing must be supported by substantial evidence; in addition to discussing the evidence supporting his decision, the Administrative Law Judge must also discuss the uncontroverted evidence on which he does not rely and any significantly probative evidence he rejects. *Haddock v. Apfel*, 196 F. 3d 1084, 1088 (10th Cir. 1999); *Clifton v. Chater*, 79 F. 3d 1007, 1010 (10th Cir. 1996).

In her initial brief seeking reversal of the Commissioner's decision, Plaintiff asserted four contentions; each was discussed in detail in the Report and Recommendation. In her objection to the Report and Recommendation, Plaintiff asserts only one contention: she argues the Administrative Law Judge failed to adequately consider and discuss whether her impairment satisfied the requirements of Listing 1.02 of the Social Security regulations. Because her objection is limited to that contention, the Court's discussion is confined to that issue, as only specific objections to the Report and Recommendation are preserved for review. *See Spaulding v. Astrue*,

379 F. App'x 776, 778 (10th Cir. 2010)(unpublished opinion) (citing *Key Energy Res., Inc. v. Merrill,* 230 F. 3d 1197, 1199-1200 (10th Cir. 2000) and *United States v. One Parcel of Real Property,* 73 F. 3d 1057, 1060 (10th Cir. 1996)).

As explained in the Report and Recommendation, whether a claimant's impairment meets or equals one of the Listings in the Social Security regulations is determined at step three of the five-step sequential analysis governing disability claims. *See* 20 C. F. R. § § 404.1520, 416.920. At step three, the Administrative Law Judge was required to determine whether the claimant's impairment or combination of impairments meets or medically equals the criteria of an impairment listed in 20 C. F. R. § 404, Subpart P, Appendix 1. If those criteria are satisfied and the impairment satisfies the duration requirements of the regulations, the claimant is *per se* disabled. *See Knipe v. Heckler*, 755 F. 2d 141, 146 (10th Cir. 1985). If not, the analysis proceeds to the remaining steps in the sequential analysis to determine whether the claimant satisfies the remaining requirements to qualify for disability benefits.

In this case, the Administrative Law Judge determined that Plaintiff's impairment resulting from her ankle fracture and subsequent surgeries did not meet the criteria of Listing 1.02 and thus was not disabled on that basis. He then proceeded to consider the remaining steps of the required sequential analysis; he concluded that Plaintiff retained the residual functional capacity to perform a full range of sedentary work. He concluded she cannot perform her past relevant work as a dishwasher/supervisory, salad bar assembler, warehouse worker, forklift driver, assembly line worker, or stocker/cashier. However, he determined the evidence established that a person with her vocational factors and residual functional capacity could perform other work that exists in significant numbers in the economy. Accordingly, he concluded she was not disabled as required

for receipt of Social Security benefits.

As discussed in detail in the Report and Recommendation, the Magistrate Judge concluded that the Administrative Law Judge did not err in his determination that Plaintiff's impairment did not meet or equal Listing 1.02. At pages 9 through 13 of the Report and Recommendation, the Magistrate Judge discussed the Administrative Law Judge's application of the medical evidence in the record to the legal requirements of Listing 1.02. As the Magistrate Judge pointed out, it is the Plaintiff's burden to present evidence establishing that her impairments meet or equal the listed impairments. *Fischer-Ross v. Barnhart*, 431 F. 3d 729, 733(10th Cir. 2005). After reviewing the medical evidence in the record, the Administrative Law Judge concluded Plaintiff had not satisfied that burden.

Plaintiff contends, as she argued in her initial brief, that the Administrative Law Judge's determination was too conclusory to satisfy the requirement that he discuss and apply the medical evidence supporting his decision regarding the severity of her impairments and explain why he rejected other evidence. However, as the Magistrate Judge explained in detail in the Report and Recommendation, a conclusory finding in this regard is harmless error where the Administrative Law Judge's findings at other steps of the sequential analysis, supported by substantial evidence, preclude a finding that the claimant satisfied the Listings. *Fischer-Ross*, 431 F. 3d at 734-35. In this case, the Court agrees with the Magistrate Judge that the Administrative Law Judge's findings regarding Plaintiff's residual functional capacity contain substantial evidence that also precludes a finding that she satisfied the requirements of Listing 1.02. The discussion in the Report and Recommendation at pages 11 through 13 explains this conclusion in detail, and is adopted as though fully set forth herein.

In her objection, Plaintiff argues the Magistrate Judge improperly sought to support this contention by citing evidence in the record beyond that which was cited and discussed by the Administrative Law Judge. The Court disagrees. Having reviewed the decision of the Administrative Law Judge in detail, the Court finds that it is supported by substantial evidence and there was no legal error in the decision.

Having reviewed the matter *de novo* and having fully considered Plaintiff's objections to the Report and Recommendation, the Court adopts the Report and Recommendation [Doc. No. 22]. The Commissioner's decision is affirmed, and Plaintiff's application for benefits is denied.

IT IS SO ORDERED this 30th day of December, 2010.

_____
TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE